

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NOS. WR-60,248-03 & WR-60,248-04

### EX PARTE DECARLOS MONTRAY GARRETT, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS CAUSE NOS. 886344-B & 870048-B IN THE 338TH DISTRICT COURT FROM HARRIS COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of aggravated robbery and sentenced to imprisonment for ninety-nine and forty-five years. The First Court of Appeals affirmed his convictions. *Garrett v. State*, No. 01-02-00320-CR (Tex. App.—Houston [1st Dist.] Jan. 30, 2003) (not designated for publication); *Garrett v. State*, No. 01-02-00321-CR (Tex. App.—Houston [1st Dist.] May 15, 2003) (not designated for publication).

Applicant contends, among other things, that the State failed to disclose exculpatory and impeachment evidence, the State relied on false testimony, and trial counsel was ineffective for not

investigating exculpatory and impeachment evidence. The trial court recommended that we dismiss these applications. *See* TEX. CODE CRIM. PROC. art. 11.07, § 4. We believe that the record should be developed and that the trial court should make further findings of fact and conclusions of law.

Applicant has alleged facts that, if true, might entitle him to relief. *Brady v. Maryland*, 373 U.S. 83 (1963); *Ex parte Weinstein*, 421 S.W.3d 656 (Tex. Crim. App. 2014); *Strickland v. Washington*, 466 U.S. 668 (1984). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order the State and trial counsel to respond to Applicant's claims. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make further findings of fact and conclusions of law as to whether: (1) the State failed to disclose favorable impeachment and exculpatory evidence that was material to Applicant's conviction in cause number 870048 and his punishment in cause number 886344; (2) the State relied on false testimony that was material to Applicant's conviction in cause number 870048 and his punishment in cause number 886344; (3) trial counsel was ineffective for not investigating impeachment and exculpatory evidence; and (4) the factual basis of Applicant's claims could not have been discovered with reasonable diligence on the dates his previous applications were filed in Harris County. *See* TEX. CODE CRIM. PROC. art. 11.07, § 4(c). The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the

disposition of Applicant's claims for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: February 27, 2019
Do not publish